## GILLESPIE *v* FREEMAN et al.

Police juries have the power to lay out and construct roads and to erect bridges, or establish ferries over all water-courses and lakes, whether navigable or not.

The act of 12th March, 1818, to provide further and more effectually for the police of public roads, was repealed so far as it applied to the Parish of Concordia, by the act of the 7th February, 1829. By that act, plenary and unlimitted powers were given to the Police Jury of the Parish of Concordia, to make such enactments with regard to roads and levees as it deemed necessary and proper. Under the act of 1818, it was necessary to make compensation to the owner for the land taken for a public road. The act of 1829, in this respect, repealed that act, so far as it applied to the Parish of Concordia. And until the late Constitution, it was competent for the Police Jury of that Parish to take land for roads, without making compensation to the owners.

The laying out of a road, and the establishment of a ferry, are acts of sovereignty which do nobody harm. No warranty or obligation to indemnify ever arises from them, without an express stipulation to that effect.

APPEAL from the District Court of the Parish of Concordia, *Farrar*, J. *Thomas* and *Snyder*, for plaintiff. By the court:

Rost, J. The plaintiffs purchased from Congress a body of land, through which Cross Lake or Cross Bayou, a stream not navigable, passes. The land was surveyed and sold in square sections, without any exception or reservation as to the portion covered with water.

On the 19th of November, 1845, the Police Jury of the parish of Concordia, where the land is situated, passed an ordinance establishing a public ferry over the stream, on the land so purchased by the plaintiff, and fixing the rates of toll. This ferry was subsequently adjudicated to the defendant, *Freeman*, at public auction.

The plaintiff obtained an injunction against *Freeman*, on the ground that police juries have no right to establish ferries over streams not navigable; and that, if they have, they must previously make a compensation to the owner of the land over which the ferry is established.

The defendant called in warranty the Police Jury, who answered, and averred it their right to establish the ferry complained of. There was judgment in their favor, and the plaintiff appealed.

There is no doubt of the power of police juries to lay out and construct roads, and to erect bridges or establish ferries on the them, over all water courses and lakes, whether navigable or not. A road leading to this ferry was laid out and opened by the Police Jury, in 1837. It is contended, that it was not established in conformity with the provisions of the act to provide further and more effectually for the police of public roads in this State, approved March 12th, 1818. But, as the 52d section of the act relative to roads and levees, approved February 7th, 1829, gives to the Police Jury of the parish of Concordia, plenary and unlimited powers to make such enactments, with regard to roads and levees, as they may deem necessary and proper, the manner of proceeding, presented by the act of 1818, was not binding upon them at the time of the laying out of the road.

The second ground of injunction would have been well taken, if the ordinance, establishing the ferry, had been passed after the promulgation of the new Constitution. As it is, the principles settled by the late Supreme Court, in *Renthrop et al.* v. *Bourgans*, 4 M. R. 97, appear to us applicable to this case. The court there stated, that, during the existence of the French and Spanish governments, there was no instance of any payment for land taken for public roads ; and appear to have inferred, from their uniform practice, that, as those governments granted their lands gratuitously, and, as the opening of a new public road, at that time, greatly benefited the lands through which they passed, the grants were made on the implied condition, that such portions of the land granted might be taken for public use as the public interest might thereafter require. *Segin* v. *St. Maxent's Syndic*, 1 M. R. 231.

The court further recognized, that in the absence of any constitutional provision to the contrary, the Legislature of Louisiana had succeded to the rights and powers of the colonial governments.

It is true, that, in 1818, an act was passed, providing that previous compensation should be made to the owners for land so taken. But, as observed by the Supreme Court, in the case of *Renthrop*, the acts of our Legislature cannot restrain the powers of their successors ; and, the act of 1829, giving plenary and unlimitted power to the Police Jury of the parish of Concordia, in relation to roads and levees, abrogated, as to them, the act of 1818, and restored to them the powers which they held before its passage. Ferries, being necessarily a part of public roads, are subject to the same rules.

The counsel for the plaintiff argued, that, as he kept a ferry at the same place, the value of which would be materially diminished by the new ferry established, he is entitled to an adequate compensation for the alleged injury. This is an error. If he was entitled to compensation, it would be only for the portion of his land taken and occupied by the ferry. The laying out of a road and the establishing of a ferry, are acts of sovereignty which do nobody harm. No warranty or right to indemnify ever arises from them, without an express stipulation to that effect. Merlin Rep. Trait des Souv. We are of opinion that the judgment ought to be affirmed.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.

## SAME CASE—ON A RE-HEARING.

By the court:

PRESTON, J. After a further and full examination of the case, we are satisfied the judgment heretofore rendered is correct, for the reasons given.

It is therefore ordered, adjudged and decreed, that the judgment heretofore rendered by this court, on the 27th March, 1848, remain undisturbed.